UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Karen R. Keller,

    Plaintiff,

v.

John R. Hughes, *et al.*,

    Defendants.

Case No. 2:10-cv-393

Judge Michael H. Watson

## OPINION AND ORDER

This matter is before the Court for consideration of the August 12, 2010, Report and Recommendation of the Magistrate Judge. Report & Recom., ECF No. 17. The Magistrate Judge recommended that the Court remand the case to the Licking County (Ohio) Court of Common Pleas. On August 26, 2010, Defendants filed their Objections to the Report and Recommendation. Defs.' Objections, ECF No. 20. For the reasons stated below, the Court **OVERRULES** Defendants' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, this case is **REMANDED** to the Licking County, Ohio Court of Common Pleas.

I.

In her Complaint, Plaintiff brings both individual claims and a derivative suit, on behalf of Generation Healthcare, Inc. ("Generation"), against Defendants John R. Hughes and Elizabeth R. Hughes. *See generally* Pl.'s Compl., ECF No. 2. Defendants combine to own fifty-one percent of Generation stock and occupy two of Generation's

three board of director positions.[1] Plaintiff is the Chief Financial Officer of Generation, owns forty-nine percent of Generation's stock, and is the third director on Generation's three-person board of directors. Plaintiff maintains that Defendants breached a contract to sell her all of their Generation stock. Pl.'s Compl. ¶¶ 8–11, ECF No. 2. Plaintiff also maintains that Defendants' conduct represents a breach of their fiduciary duties to Generation. Pl.'s Compl. ¶¶ 29–31, ECF No. 2.

Defendants removed this case from the Common Pleas Court, Licking County Ohio, to this Court on April 30, 2010. Defs.' Notice Removal, ECF No. 1. On May 14, 2010, Plaintiff filed her Motion to Remand to State Court contending that diversity, and, therefore, subject matter jurisdiction, is lacking in this case. Pl's Mot. Remand, ECF No. 7. In her Report and Recommendation, the Magistrate Judge recommended remand. After setting forth the applicable law, she found that Generation's management is antagonistic to Plaintiff's derivative action. Report & Recom. 4–7, ECF No. 17. The Magistrate Judge emphasized the structure of Generation's management in reaching her decision:

> In this case, the facts indicate that Generation's management is antagonistic to the derivative action. Generation is a closely held corporation with three directors on its board. The Plaintiff occupies one of the director positions, while Defendants control the other two. Plaintiff is a minority shareholder, owning forty-nine percent of Generation's shares, while Defendants, in some combination, own the fifty-one percent majority of Generation's shares. All three individuals were, or are currently, officers of Generation. Plaintiff's derivative action implicates both Defendants, asserting that they breached fiduciary duties, resulting in damages to Generation for which they are liable. (Compl. ¶ 29–31.) Thus, it is clear from the nature of both the corporation and the controversy, that Defendants, as directors of the board, were adversely interested in the derivative suit. Furthermore, Defendants

---

[1] The Magistrate Judge provided a more detailed account of the complete facts in the Report and Recommendation. The Court focuses only on the facts relevant to Defendants' Objections.

>ultimately control Generation's board of directors, by a two to one margin. Based on these facts, the Court concludes it would have been futile for Plaintiff to demand board action in this matter.

*Id.* at 6. Because the Magistrate Judge found that Generation's management was antagonistic to the derivative action, she aligned Generation as a party-Defendant. *Id.* Consequently, because both Plaintiff and Generation are citizens of Ohio, she held that the Court lacked diversity jurisdiction. *Id.* at 7.

In their Objections, Defendants assert that the Magistrate Judge erred in finding that Generation is antagonistic to Plaintiff's action. Defs.' Objections 1, ECF No. 20. Defendants do not specifically challenge the law the Magistrate Judge applied or the accuracy of any of the facts she relied upon. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ."). Nevertheless, Defendants' Objections raise two primary contentions. First, Defendants urge the Court to consider the prejudice they would face as New York residents in an Ohio state court. Defs.' Objections 1–2, ECF No. 20. Second, Defendants assert that the Magistrate Judge was too "mechanical" in applying the law and did not consider the unique factual scenario of this case. In particular, Defendants contend that Generation was not antagonistic because Plaintiff was not being frozen out of the company, as she continues to direct the company, and because her suit seeks full ownership of Generation. *Id.* at 3.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The issues before the Court are whether it should remand this case to state court, and more specifically, whether diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over cases between citizens of different states. Nevertheless, "[d]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Boladian v. UMG Recordings, Inc.*, 123 F. App'x 165, 167 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492–93 (6th Cir.1999) (internal quotations omitted)). The party removing the case to federal court bears the burden of establishing diversity. *Boladian*, 123 F. App'x at 167.

### III.

Based on its *de novo* review of the relevant law and facts, the Court concludes that it should remand this case to state court. Plaintiff's derivative suit clearly alleges that both Defendants breached fiduciary duties. As the Magistrate Judge noted, Defendants control the majority of both Generation's voting shares and its board of directors. Accordingly, the Court finds that despite Plaintiff's active role in the company, Generation's management is ultimately antagonistic to Plaintiff's derivative suit.

The Court concludes that both of the contentions Defendants raise in their Objections are unavailing. First, the Court finds that Defendants' speculation of local prejudice does not justify removal. While it is true that the "principal policy" behind

removal is the "protection from local bias," the Court must weigh this interest against "the limited nature of federal jurisdiction." *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993) *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). Accordingly, the Court is unwilling to find that fear of local prejudice justifies removal when complete diversity is lacking.

Second, the Court does not find that the Magistrate Judge's recommendation to remand was "purely mechanical" in concluding that Generation was a party-Defendant. As noted above, Defendants maintain that because Plaintiff continues to play an active role in the company, she is not being frozen out, and therefore, Generation is not antagonistic towards her. Additionally, Defendants contend that because Plaintiff's action is primarily a contractual dispute of citizens from different states, regarding the ownership of Generation, diversity jurisdiction exists.[2]

Defendants are correct that an assessment of diversity of citizenship among the parties "is a practical not a mechanical determination." *Smith v. Sperling*, 354 U.S. 91, 97 (1957). Nevertheless, Defendants overlook the question the Court must ask in aligning a corporate party: is the corporation's management, at the time of removal, antagonistic to the derivative claim? *See Sperling*, 354 U.S. at 97 (holding that a corporation is antagonistic when its managers are hostile "to the enforcement of the claim"); *Kable v. Trinity Fin. Corp.*, No. 07–CV–1131, 2008 WL 687225, at *3 (S.D. Ohio Mar. 11, 2008) ("But if the corporation's management is antagonistic to the derivative claim, it is properly aligned as a defendant.") (citing *Doctor v. Harrington*, 196 U .S. 579,

---

[2] The Court notes that while this characterization may accurately describe the factual allegations that lead to Plaintiff's claim, it appears to ignore that Plaintiff is not only bringing individual claims for breach of contract, but also a derivative suit alleging breach of fiduciary duties.

584 (1905)); *Coyne*, 183 F.3d at 492 (describing that a court must make diversity determinations based on the facts at the time of removal). Although Plaintiff's relationship to Generation and the potential outcome of her action are factors in the determination, the Court must still consider whether Generation's management was opposed to the lawsuit at the time of removal.

In this case, at the time of removal, the controlling portions of Generation's voting shares and board of directors, in the form of Defendants, are antagonistic to Plaintiff's derivative suit. The fact that Plaintiff is an active officer of Generation and is seeking control of Generation, does not alter Generation's current antagonism toward this action.[3] Accordingly, the Court aligns Generation as a party-Defendant, and finds that complete diversity does not exist.

## IV. CONCLUSION

Based on the above, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. The Court, therefore, **REMANDS** this case to the Court of Common Pleas, Licking County Ohio.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] If anything, the fact that Plaintiff is seeking to gain full ownership of Generation likely increases Defendants' antagonism toward the derivative suit.